UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. |
| ) | |
| v. ) | 14cr10162 - |
| ) | |
| ) | 18 U.S.C. §1030, 2 (Computer Fraud) |
| CAMERON LACROIX ) | 18 U.S.C. §1029, 2 (Access Device Fraud) |
| ) | 18 U.S.C. §§ 982, 1029 and 1030; |
| Defendant ) | 28 U.S.C. § 2461(c) (Forfeiture) |

## INFORMATION

The United States Attorney charges:

### OVERVIEW

At all times relevant to the charges in this Information:

1. CAMERON LACROIX, who was also known by his online monikers "cam0," "Freak," and "leetjones," lived in New Bedford, Massachusetts.

2. LACROIX remotely, surreptitiously, and without authorization, accessed computer networks around the country. These included networks belonging to law enforcement agencies, local law enforcement departments, and educational institutions. LACROIX used stolen log-in credentials to obtain highly sensitive law enforcement data from the law enforcement computers and to alter academic records on the educational institution computers. He also obtained stolen credit, debit, and payment card numbers and related information ("payment card data").

### Intrusions into Bristol Community College's Computer Network

3. Between September 2012 and December 2013, LACROIX, while he was enrolled as a student at Bristol Community College ("BCC"), repeatedly accessed, without authorization, BCC's computer servers that were located in the District of Massachusetts.

4.     Specifically, LACROIX stole the log-in credentials (including the username and password) that belonged to three BCC instructors and that provided those instructors with the ability to log into the web-based system that allows BCC instructors to electronically record students' grades.

5.     Using these stolen log-in credentials, on approximately 24 occasions, LACROIX logged into these BCC instructors' accounts, and on seven separate occasions, he changed course grades for himself and two other BCC students.

6.     LACROIX offered to make grade changes for at least two additional BCC students.

**Intrusions into Chief of Police's E-mail Account**

7.     In or about September 2012, LACROIX accessed, without authorization, a computer server operated by a local Massachusetts police department. On this server, LACROIX accessed, without authorization, an e-mail account belonging to the Chief of Police for the local police department.

8.     LACROIX copied and maintained copies of e-mail messages that he obtained from the Chief of Police's e-mail account.

**Intrusions Into Law Enforcement Agencies' Computer Networks**

9.     From approximately August 2012 through November 2012, LACROIX repeatedly accessed, without authorization, law enforcement computer servers containing sensitive information including police reports, intelligence reports, arrest warrants, and sex offender information.

**Possession of Stolen Payment Card Data**

10. Between May 2011 and May 2013, LACROIX obtained and possessed stolen payment card data for more than 14,000 unique account holders.

11. For some of these account holders, LACROIX also obtained other stolen personally identifiable information, including the account holders' full names, addresses, dates of births, social security account numbers, email addresses, bank account and routing numbers, and listings of merchandise items the account holders had ordered.

## COUNT ONE
## Computer Fraud
## (18 U.S.C. § 1030(a)(2))

12. The U.S. Attorney realleges and incorporates by reference the allegations in Paragraphs 1-11 and further charges that:

13. From approximately August 2012 through November 2012, in the District of Massachusetts and elsewhere, the defendant,

CAMERON LACROIX,

intentionally accessed a computer belonging to a Massachusetts law enforcement network without authorization and exceeded authorized access to this computer, and thereby obtained information from a protected computer, the offense being committed for purposes of commercial advantage and private financial gain and in furtherance of a criminal and tortious act in violation of the Constitution and laws of the United States and of Massachusetts, and the value of the information obtained exceeding $5,000, in violation of 18 U.S.C. §§ 1030(a)(2)(C), 1030(c)(2)(B)(i)-(iii), 2.

## COUNT TWO
## Computer Fraud
## (18 U.S.C. § 1030(a)(5))

14. The U.S. Attorney realleges and incorporates by reference the allegations in Paragraphs 1-11 and further charges that:

15. From approximately September 2012 through approximately December 2013, in the District of Massachusetts and elsewhere, the defendant,

CAMERON LACROIX,

knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage, without authorization, to a protected computer belonging to Bristol Community College.

All in violation of 18 U.S.C. §§1030(a)(5)(A), 1030(c)(4)(B), 2.

## COUNT THREE
### Access Device Fraud
### (18 U.S.C. § 1029(a)(3))

16. The U.S. Attorney realleges and incorporates by reference the allegations in Paragraphs 1-11 and further charges that:

17. From approximately May 2011 through approximately May 2013, in the District of Massachusetts and elsewhere, the defendant,

CAMERON LACROIX,

knowingly and with intent to defraud, possessed fifteen or more unauthorized access devices, said conduct affecting interstate and foreign commerce.

All in violation of 18 U.S.C. §§ 1029(a)(3), 1029(c)(1)(A), 2.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. §§ 982, 1029 and 1030; 28 U.S.C. § 2461(c)

19. The U.S. Attorney realleges and incorporates by reference the allegations in Paragraphs 1-11 and further charges that:

20. Upon conviction of any offense alleged in Counts One or Two, the defendant,

CAMERON LACROIX,

shall forfeit to the United States:

a. any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations, pursuant to 18 U.S.C. § 982(a)(2)(B); and

b. any personal property that was used or intended to be used to commit or to facilitate the commission such violations, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations pursuant to 18 U.S.C. § 1030(i)(1).

The property to be forfeited includes, but is not limited to, one red and black Gigaware 8GB thumb drive and one Toshiba laptop computer, seized by law enforcement on May 8, 2013.

21. Upon conviction of the offense alleged in Count Three, the defendant,

CAMERON LACROIX,

shall forfeit to the United States:

a. any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations, pursuant to 18 U.S.C. § 982(a)(2)(B); and

b. any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C).

The property to be forfeited includes, but is not limited to, one red and black Gigaware 8GB thumb drive and one Toshiba laptop computer, seized by law enforcement on May 8, 2013.

22. If any of the property described in paragraphs 20 and 21, above, as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1), 1029(c)(2) and 1030(j), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 18, United States Code, Sections 982, 1029 and 1030.

CARMEN M. ORTIZ

Adam J. Bookbinder
Assistant United States Attorney
Mona Sedky
Senior Trial Attorney, U.S. Dept. of Justice

Dated: June 2, 2014