UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No.   14-10162-MLW |
| v. | ) | |
| CAMERON LACROIX, | ) | |
| Defendant | ) | |

**GOVERNMENT'S ORGANIZATIONAL
VICTIM DISCLOSURE AND MOTION FOR
ALTERNATIVE VICTIM NOTIFICATION PROCEDURES**

The United States submits this notice to the Court of the organizational victims identified in this case.  The government also seeks an Order authorizing it to provide notice to large numbers of potential victims by providing information to the payment card issuers, who will be best able to identify and notify individual victims.  These victims can then be referred to a government e-mail address and phone number so that they can add themselves to the victim list so that they will receive victim information and case updates.

**1. Background**

Defendant Cameron Lacroix was charged by Information with, and has agreed to plead guilty to, committing computer fraud and access device fraud – specifically, with illegally hacking into computers belonging to law enforcement agencies and educational institutions and with possessing stolen payment card data (e.g., credit and debit card numbers and related information) belonging to approximately 14,000 cardholders.

**2. Organizational Victims**

Local Rule 112.4(B) requires the government to identify for the Court organizational

victims of the crimes alleged in an indictment.  In this case, the government has been able to identify the following two companies whose computer networks were hacked and were the source of the stolen payment card data that Lacroix possessed.  This, in turn, makes the companies victims of the crimes charged:

    Dexter Russell Knives

    Gunas.com

The government has already notified both companies of the hack and resulting theft of payment card data.  Similarly, to the extent that the government has identified the law enforcement and educational institutions whose computer networks Lacroix hacked, the government has already notified these institutions.

The government has identified the following as victims because they are the issuers of the payment cards that Lacroix possessed:

    Mastercard

    Visa

    American Express

    Discover Financial Services

The government proposes notifying these issuers as is described below.

**3.  Alternative Notification**

The Justice for All Act of 2004, codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings, including the right to "reasonable, accurate, and timely notice" of public court proceedings, including sentencing.  18 U.S.C. § 3771(a).  The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a

Federal offense . . . ." 18 U.S.C. § 3771(e). Significantly, the Act recognizes that, for crimes involving multiple victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings. 18 U.S.C. § 3771(d)(2).

The government submits that this case falls within the "multiple crime victims" provision. This case involves, among other charges, the possession of unauthorized access devices in violation of 18 U.S.C. § 1029. Here, those "access devices" are the payment card data belonging to approximately 14,000 cardholders.

In this case, it is not practicable for the government to directly notify all 14,000 cardholders whose accounts have been compromised. This is because, for the majority of the 14,000 cardholders, the government only knows the card numbers and cannot, from that limited information, identify the name or address of the cardholder victim. But the government can, from these card numbers, identify the entity or card association that issued the card (e.g., Mastercard, Visa, American Express, Discover) (collectively "card issuer").

Rather than seek a complete waiver of the notice provision of the Act, the government proposes that the Court authorize the government to provide notice to each card issuer with the card data for its customers, asking the issuer to make all reasonable efforts to identify its victimized customers. The government will ask the card issuers to tell these customers that: (1) their account may have been compromised so they should review their credit report; (2) Lacroix has been charged in this criminal case; (3) they may contact the U.S. Attorney's Office (by phone or e-mail) to register as a victim in this case in order to receive notice about their statutory rights and ongoing notifications as envisioned by the Act; and (4) the U.S. Attorney's website will have information for identity theft victims that may be useful to them.

Notice in the manner suggested above is a reasonable procedure that will give effect to the Act and will not unduly complicate or prolong the proceedings. Furthermore, this proposed alternative victim notification process has been used in other large data breach investigations.

Accordingly, the government asks the Court to authorize, under 18 U.S.C. §3771, the plan to provide victim notification to the 14,000 cardholders by notifying the card issuers and providing the issuers with the relevant information.

    Respectfully submitted,
    CARMEN ORTIZ
    United States Attorney

By:   */s/ Mona Sedky*
    Adam J. Bookbinder
    Assistant U.S. Attorney

    Mona Sedky
    Senior Trial Attorney, USDOJ

### CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system therefore should be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Mona Sedky*
Mona Sedky

Date: June 18, 2014