IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

CAMERON LACROIX

CRIMINAL No. 14-10162-MLW

**JOINT MOTION TO CONSOLIDATE CALIFORNIA PROSECUTION**

Cameron Lacroix and the United States jointly move for consolidation, under Local Rule 40.1(J) of *United States v. Cameron Lacroix*, 14-10227-PBS ("the California case"), with the above-captioned case, for purposes of plea and sentencing.

The California case, which originated in the Northern District of California, has been transferred to this district pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The parties have entered into a plea agreement in the California case, pursuant to Rule 11(c)(1)(C), that calls for a sentence that is largely identical to, and concurrent with, the sentence called for in a plea agreement in the above-captioned case. In addition, the two cases are factually related in that, among other reasons, the evidence for both cases arose from the same search warrant, such that the facts leading up to the discovery of the evidence in both cases is the same.

In the above-captioned case, Mr. Lacroix entered his guilty plea on June 23, 2014. This Court scheduled sentencing in that case for October 27, 2014, noting that this sentencing date should allow for one, consolidated sentencing hearing in both cases.

The parties previously jointly moved, in the California case, for reassignment of that case to this Court. Chief Judge Saris denied that motion, noting in a margin order that "the local rules do not permit the reassignment." No. 14-cr-10227-PBS (Dkt. #4). Upon a closer review of

Local Rule 40.1(I), the parties have noted that returning a case to the clerk for reassignment, in accordance with that rule, would not lead to the case being transferred to this court. Furthermore, while Rule 40.1(I) does allow for the transfer of a case from one judge to another, that provision applies only in civil cases.

Local Rule 40.1(J), relating to consolidation of cases, has no such limitations and merely states: "A motion for consolidation of two or more cases shall be made in the case first filed in this court." Given the nearly-identical proposed dispositions and the closely related nature of the two proceedings, the interests of justice and efficient performance of the business of the court would be promoted by the consolidation of the two cases before this court.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: *_/s/ Adam Bookbinder_*
Adam J. Bookbinder
Assistant U.S. Attorney
Mona Sedky
DOJ Senior Trial Counsel

BEHZAD MIRHASHEM
Counsel for Cameron Lacroix

*_/s/ Behzad Mirhashem_*
Federal Defender's Office

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by e-mail to counsel for Lacroix.

*_/s/ Adam Bookbinder_*

Dated: August 6, 2014